**TAG GROUP S.A., Tag Properties N.V. and Maz Hotels Corporation N.V., Plaintiffs,**

v.

**HAAS AND HAYNIE CORPORATION, Robert M. Haynie, and Paul B. Fay III, Defendants.**

**Civ. No. M8–85.**

United States District Court, S.D. New York.

June 11, 1986.

Charles R. Ragan of Pillsbury, Madison & Sutro, San Francisco, Cal., argued for defendants Haas and Haynie Corp., Robert M. Haynie and Paul B. Fay III.

Morton M. Maneker of Proskauer, Rose, Goetz & Mendelsohn, New York City, argued for Meridien Hotels, Inc.

PALMIERI, District Judge.

Haas and Haynie Corporation and its officers Robert M. Haynie and Paul B. Fay III ("H & H"), defendants in an action pending in the Northern District of California, move pursuant to Rules 30, 37 and 45 of the Federal Rules of Civil Procedure to compel production of documents sought under a subpoena duces tecum which was issued to Meridien Hotels, Inc. ("Meridien"), a nonparty witness. Meridien opposes this motion for discovery on the basis of a general release given by H & H to Meridien. It is common ground that a deci-

sion of the Ninth Circuit by a divided court in *Dart Industries Co., Inc. v. Westwood Chemical Co., Inc.*, 649 F.2d 646 (9th Cir. 1980), is the only decision arising out of comparable circumstances.

FACTUAL BACKGROUND:

In 1982, TAG Group S.A., TAG Properties N.V. and Maz Hotels Corporation, N.V. ("TAG") and H & H became partners in business entities created to develop two Meridien hotels to be located in New Orleans, Louisiana and Newport Beach, California. At the outset, TAG was a limited partner, H & H a managing general partner and Meridien a managing agent.

TAG instituted lawsuits after these hotels proved to be unprofitable. First, TAG sued its purported agent and representative for alleged breaches of loyalty. This action was settled in 1985. Soon afterwards, TAG threatened to sue Meridien for inducing the purported agent to breach his fiduciary duty to TAG. A settlement agreement was reached under which Meridien agreed to buy all except a small portion of TAG's interest in the Meridien hotels. H & H became involved in this settlement because of its position as managing general partner and its ownership of certain partnership interests. H & H received $5 million from Meridien in return for certain partnership interests of H & H, H & H's consent to Meridien's admission to the partnership and a general release by H & H in favor of Meridien dated January 7, 1986.

It is this release which Meridien contends is a bar to any discovery rights by H & H. Under its terms, H & H releases Meridien:

from any and all claims (including, without limitation, claims for contribution or indemnification), suits, damages, debts, loans, dues, accounts, bonds, guarantees, covenants, contracts, agreements, promises, judgments, demands, actions or manner of actions, whether the same be known or unknown, suspected or unsuspected, direct or indirect or nominally or beneficially possessed or claimed by [H & H which H & H] ever had, now has or

hereafter may have against [Meridien] ... in any way relating to or arising from the investments by H & H in the partnerships (the "Partnerships") owning the Meridien hotels in Newport Beach, California and New Orleans, Louisiana, the formation of the Partnerships, or the development and construction of such hotels. This Release shall not apply with respect to any claim which the Partnerships may have, now or in the future, arising directly and exclusively under the Management Agreements with Meridien Hotels, Inc. with respect to the aforementioned hotels.

For the purposes of this release the Partnerships shall not be deemed to be affiliates or subsidiaries of H & H.

## THE DART CASE IS DISTINGUISHABLE

The *Dart* case is distinguishable for reasons hereinafter discussed.

In *Dart*, the plaintiff Westwood Chemical Company, Inc. ("Westwood") had a subpoena duces tecum issued from the Central District of California to an officer of Dart Industries Company, Inc. ("Dart") in an effort to obtain discovery ancillary to a suit Westwood had instituted in the Southern District of New York. In that action, Westwood alleged that two of its former employees had conspired with Synthetic Products Company ("Synthetic"), a division of Dart as well as Dart, to terminate a sales agency agreement between Westwood and Synthetic. Dart moved to quash the subpoena based on a release it had obtained from Westwood which states in part "that WESTWOOD releases and discharges DART INDUSTRIES INC. and its Synthetic Products Division of *any rights it has or may hereafter have by reason of a conspiracy alleged by WESTWOOD.*" (emphasis added). The district court granted Dart's motion to quash the subpoena. The Ninth Circuit affirmed by a divided court. The majority found that the district court had not abused its discretion. Although recognizing a general policy in favor of liberal discovery, the majority held that the sweeping terms of the release were sufficient to bar the discovery sought by Westwood. The majority also relied upon " 'the overriding public interest in settling and quieting litigation.' " 649 F.2d at 650 (*quoting Van Bronkhorst* v. *Safeco Corp.*, 529 F.2d 943, 950 (9th Cir.1976) (footnote omitted)). Judge Anderson dissented because he found the terms of the release to be ambiguous and believed they should be construed against Dart, its principal author. Judge Anderson also stated that the policy underlying liberal discovery was alone a sufficient basis for reversing the district court order; and that the majority opinion was an "unwarranted extension of the rule favoring the settlement of litigation." 649 F.2d at 652.

In its decision in *Westwood Chemical Co., Inc.* v. *Kulick*, 656 F.2d 1224 (6th Cir.1981), which gave res judicata effect to *Dart*, the Sixth Circuit nevertheless expressed disapproval of the holding in *Dart. Id.* at 1231. One lesson that can be drawn from this disapproval is that the decision in *Dart* should be strictly confined to its facts.

The terms of the release in *Dart* are different from the terms of the release in this case. The release in the *Dart* case refers to a release and discharge of "any rights it has or may hereafter have" while in the present case, the release discharges Meridien from "any and all claims, ... suits, ... demands, actions or manner of actions [H & H] ... ever had, now has or hereafter may have." The distinction is discussed further below.

Second, the result in *Dart* was held to be necessitated by the court's conclusion that the circumstances under which Westwood sought discovery from Dart were clearly within the express terms of the release. Westwood relinquished "any rights it has or may hereafter have by reason of a conspiracy alleged by WESTWOOD." Nevertheless, Westwood was attempting to pursue Dart in a lawsuit filed by Westwood against its two former employees by reason of the very conspiracy referred to in the release. Thus, the terms of the West-

wood release were considered by the court in *Dart* to have been clearly violated.

Finally, the Ninth Circuit in *Dart* was reviewing the district court's order under a standard which allows a district court a large measure of discretion:

'We will reverse such an order to quash only for abuse of discretion .... Such abuses must be unusual and exceptional; we will not merely substitute our judgment for that of the trial judge .... A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based that decision.'

649 F.2d at 648 (*quoting Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir.1975)).

## MERIDIEN'S RELEASE DOES NOT PROVIDE IT WITH IMMUNITY FROM NONPARTY DISCOVERY

■ The bone of contention here is whether the H & H release bars discovery from Meridien. "When, as here, a release is signed in a commercial context by parties in a roughly equivalent bargaining position and with ready access to counsel, the general rule is that, if 'the language of the release is clear, ... the intent of the parties [is] indicated by the language employed.' " *Locafrance U.S. Corp. v. Intermodal Systems Leasing, Inc.*, 558 F.2d 1113, 1115 (2d Cir.1977) (*quoting German Roman Catholic Orphan Home v. Liberty National Bank & Trust Co.*, 18 N.Y.2d 314, 317, 221 N.E.2d 538, 540, 274 N.Y.S.2d 869, 872 (1966)). *See Dart*, 649 F.2d at 650.

Meridien seeks to equate the terms "claim" and "right" with each other in an attempt to extend *Dart* to this case. However, these words are not synonymous. A claim is the means by which a right is asserted and enforced. Conversely, a right has been defined to be a "legally enforceable claim of one person against another, that the other shall do a given act or shall not do a given act." Restatement (First) Property § 1 (1936). Since the plaintiff in *Dart* relinquished all its rights, so that there were no claims it could bring, the Ninth Circuit declined to find that the district court abused its discretion in holding that the release barred discovery.

■ The language of the H & H release does not provide for so comprehensive an effect. The terms should be examined as a whole. See Restatement (Second) Contracts § 202(2) (1979). The H & H release only relinquishes limited rights. First, Meridien is released from amounts owing, now or thereafter, to H & H: "damages, debts, loans, dues, accounts, bonds ... [and] judgments." Second, H & H releases Meridien from actions in which Meridien may eventually be adjudicated liable: "claims (including, without limitation, claims for contribution or indemnification), suits ... demands, actions or manner of actions ... [which H & H] ever had, now has or hereafter may have against [Meridien]." Finally, Meridien is released from present or future substantive contractual obligations: "guarantees, covenants, contracts, agreements [and] promises." [1]

The release drafted by sophisticated counsel in a commercial context should be enforced in accordance with the language employed.[2] This Court does not agree with Meridien's assertion that the right to obtain discovery from a nonparty is a claim against that nonparty. Additionally, such an interpretation would be an unwarranted extension of the scope of the *Dart* holding.

## CONCLUSION

For the foregoing reasons, H & H's motion to compel production of subpoenaed

---

**1.** Since H & H only relinquished these rights, the additional language: "whether the same be known or unknown, suspected or unsuspected, direct or indirect or nominally or beneficially possessed or claimed by [H & H]," is irrelevant.

**2.** In fact, the H & H release does not even ensure absolute peace from all actions in which Meridien might eventually be adjudicated liable since "[t]his Release shall not apply with respect to any claim which the Partnerships may have, now or in the future, arising directly and exclusively under the Management Agreements with Meridien Hotels, Inc. with respect to the aforementioned hotels."

documents is granted, and Meridien's request for the entry of a protective order quashing the subpoena is denied.

IT IS SO ORDERED.